BLUE, Acting Chief Judge,
concurring.
I concur completely with this decision. I concur specially because I am concerned that our decision, while correctly advising the trial court that the Faretta inquiry was inadequate, does not offer any guidance when the trial judge in this ease faces the same problem in the future. Because I am unaware of a form currently available to the trial bench for this problem, I have taken the liberty of appending a suggested Faretta inquiry to this opinion.
This suggested Faretta inquiry is based on a list of questions I found helpful while serving in the criminal division as a circuit judge. I found that by using the list of questions, most all of the defendants who professed the desire to represent themselves changed their mind when they realized they did not possess the knowledge necessary to adequately defend themselves before a jury. I suggest that a successful Faretta inquiry results in a defendant accepting the assistance of counsel.

APPENDIX

The following outline contains specific questions recommended for use when a Far-etta inquiry is required. The legal requirements of this inquiry are contained in this opinion. I do not suggest that a Faretta inquiry requires the court to pose all the questions recommended below. I do suggest an important function of this procedure is to convince the defendant that he or she should not proceed to trial without assistance of counsel. This series of questions, if properly posed, should convince the defendant to accept assistance of counsel, or failing that, should result in a finding of a complete and proper Faretta inquiry.
*168 When the defendant demands self-representation, the court should first establish the defendant has the present mental capacity to make an intelligent waiver. This would be similar to the inquiry made when accepting a plea in lieu of a jury trial. For example, inquiry should be made regarding the defendant’s age, education, ability to read and write, influence of drugs or alcohol, and whether the defendant has ever been adjudicated incompetent or is currently suffering from any mental disability.
I suggest the defendant then be asked questions similar to the following:
(1) Have you ever studied law?
(2) Have you ever represented yourself in a criminal action?
(3) Do you understand the charge(s) against you?
(4) Are you aware of the maximum penalty for each charge?
(5) Are you familiar with the exact legal elements for each charge?
(6) Do you realize that if you are found guilty of more than one of those crimes, this may result in an order that the sentences be served consecutively; that is, one after another?
(7) Do you realize that if you represent yourself, you are on your own? As the judge, I cannot tell you how you should try your case or even advise you as to how to try your case. I cannot help you in any way.
(8) Are you familiar with the Florida Evidence Code and Florida case law?
(9) Do you realize that the Florida Evidence Code and Florida case law govern what evidence may or may not be introduced at trial and, in representing yourself, you must abide by those rules? For example:
— do you know what voir dire means?
— do you know how to conduct a voir dire examination?
— do you know the grounds for excusing a juror for cause?
— do you understand Neil or Slappy objections?
— do you know the definition of hearsay?
— do you know the exceptions to the hearsay rule?
— do you know the best evidence rule?
— do you know what constitutes proper impeachment?
— do you know when character evidence is appropriate and when it is not appropriate?
— do you know when and how to make proper objections?
— do you know when and how to move for judgment of acquittal?
— do you understand that failure to properly move for judgment of acquittal may result in a waiver?
— do you know how to proffer evidence to protect the record for appeal?
are you familiar with a motion for mistrial?
— do you know the proper grounds for mistrial?
— are you aware that failure to timely move for mistrial may waive crucial mistakes made by the State or this court?
— do you know how to request and object to jury instructions?
(10) Are you familiar with the Florida Rules of Criminal Procedure?
(11) Do you realize that those rules govern the way in which a criminal action is tried in this court?
(12) (Then say to the defendant something to this effect]: I must advise you that in my opinion you would be far better defended by a trained lawyer than you can be by yourself. I think it is unwise of you to try to represent yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the Rules of Evidence. I would strongly urge you not to try to represent yourself.
(13) Now, in light of the penalty that you might suffer if you are found guilty, and in light of all the difficulties of representing yourself, is it still your desire to *169 represent yourself and to give up your right to be represented by a lawyer?
(14) Is your decision entirely voluntary on your part?
(15) [If the answers to the two preceding questions are in the affirmative, you should then say something to the following effect]: I find that the defendant has knowingly and voluntarily waived his [or her] right to counsel. I will therefore permit him [or her] to represent himself [or herself].
Although it is not necessary to repeat this initial inquiry, the defendant should be reminded of the warnings contained in the inquiry and the court should renew the offer of assistance of counsel at each subsequent critical stage of the proceedings.
For examples of Faretta inquiries used by other courts, see State v. Frampton, 737 P.2d 183, 187 n. 12 (Utah 1987); Benehbook for United States District Court Judges, vol. 1 section 1.02(C) (Federal Judicial Center, 4th ed.1996).